**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50218 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02815-LAB |
| v. | |
| CUAUHTEMOC JUAREZ-AQUINO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Cuauhtemoc Juarez-Aquino appeals from the district court's judgment and

challenges the 80-month sentence and 3-year term of supervised release imposed

following his guilty-plea conviction for importation of methamphetamine, in

violation of 21 U.S.C. §§ 952 and 960.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and we affirm in part and vacate and remand for resentencing in part.

Juarez-Aquino contends that the district court erred by denying his request for a minor role adjustment under U.S.S.G. § 3B1.2. He argues that the district court improperly compared him to a hypothetical "average participant," rather than his co-participants in the offense, and misapplied the factors contained in the commentary to § 3B1.2. We review the district court's interpretation of the Guidelines de novo and its application of the Guidelines to the facts for abuse of discretion. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc).

The record shows that the district court properly compared Juarez-Aquino to his co-participants in the offense, both named and unnamed, *see United States v. Diaz*, 884 F.3d 911, 916-17 (9th Cir. 2018), and denied the minor role adjustment after considering each of the factors listed in the commentary to the Guideline, *see* U.S.S.G. § 3B1.2 cmt. n.3(C). The district court's decision to deny the minor role reduction in light of Juarez-Aquino's preparatory conduct, prior successful drug crossings, and the large amount of methamphetamine, and to accord little weight to Juarez-Aquino's lack of propriety interest in the drugs and limited knowledge about the drug organization, was not an abuse of discretion. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

Juarez-Aquino also contends, and the government concedes, that the district

17-50218

court erred in determining that Juarez-Aquino was subject to three-year mandatory minimum term of supervised release. Because the district court concluded that Juarez-Aquino was entitled to safety valve relief under 18 U.S.C. § 3553(f), the three-year mandatory minimum term of supervised release under 21 U.S.C. § 960(b)(3) did not apply. *See* U.S.S.G. § 5C1.2 cmt. n.9. Accordingly, we vacate the three-year term of supervised release and remand for the district court to reconsider the length of the supervised release term.

**AFFIRMED in part; VACATED and REMANDED in part.**